Case 4:24-cv-01636   Document 24   Filed on 06/04/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, § <br> § <br> *Plaintiff,* § <br> VS. § <br> § <br> ROCCA SPORTS ENTERTAINMENT, LLC § <br> and LUZ MALDONADO, § <br> § <br> *Defendants.* § | CIVIL ACTION NO. 4:24-cv-1636 |

## ORDER

Pending before this Court is Rocca Sports Entertainment, LLC ("Rocca") and Luz Maldonado's ("Maldonado"; collectively, with Rocca, "Defendants") Rule 12(b)(6) Motion to Dismiss. (Doc. No. 19). G&G Closed Circuit Events, LLC ("Plaintiff") filed a response. (Doc. No. 20). Defendants did not file a reply, and the time to do so has passed, making the motion ripe for ruling. Having considered the motion, relevant pleadings, and applicable law, the Court **DENIES** the motion. (Doc. No. 19).

### I.     Background

Plaintiff was the exclusive broadcast licensee in Texas of a boxing match between Canelo Alvarez and Billy Joe Saunders that took place on May 8, 2021. (Doc. No. 1 at 1). Even though that match was not intended for the use of the general public and even though Defendants had not licensed the rights to broadcast the match, Plaintiff alleges that Defendants nevertheless broadcast and exhibited the match at their billiards bar. (*Id.* at 3–5). Consequently, Plaintiff brings this suit against Defendants for violations of the Federal Communications Act ("FCA"), specifically 47 U.S.C. §§ 553 or 605. (*Id.* at 5). Defendants move to dismiss the suit, filed on May 1, 2024, as time-barred. (Doc. No. 19).

## II.  Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense." *Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 651 (S.D. Tex. 2011) (citing *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987)). "A motion to dismiss may be granted on a statute of limitations defense when it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

## III.  Analysis

Defendants argue that "[s]ince the FCA does not contain a statutory period of limitations nor does it fall within the federal catch-all limitations provision, the court generally borrows the limitations period from the most closely analogous state statute." (Doc. No. 19 at 2). They contend that the Texas Civil Practice and Remedies Code § 16.003(a) provide that closest analogue, which

establishes a two-year statute of limitations period for cable piracy and theft liability. (*Id.* at 3). Since the broadcast occurred on May 8, 2021, and the suit was filed a week shy of three years therefrom, the suit would be time-barred if Defendants are correct.

The fatal flaw in their argument, however, is that the Fifth Circuit has expressly rejected the application of state-law statute of limitations to claims under § 553 and § 605, choosing, instead, to adopt the statute of limitations from the Copyright Act. *Prostar v. Massachi*, 239 F.3d 669, 676–77 (5th Cir. 2001). As such, "the three-year limitations period articulated in the Copyright Act governs Prostar's FCA claims." *Id.* at 678. *See also J&J Sports Prods., Inc. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 353 n.13 (5th Cir. 2014) (reaffirming the three-year statute of limitations for FCA claims under §§ 553 and 605); *J&J Sports Prods., Inc. v. Guerra*, No. 4:12-cv-945, 2012 WL 5381787, at *5 (S.D. Tex. Oct. 31, 2012) (Ellison, J.) (holding that, in §§ 553 and 605 actions, *Prostar* "necessitat[es] the application of the Copyright Act's three year statue of limitations"). Consequently, Defendants' Motion to Dismiss is **DENIED**.

It is so ordered.

Signed on this the __6th__ day of June 2025.

Andrew S. Hanen
United States District Judge

3